UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> 9601 South Meridian Blvd. <br> Englewood, Colorado 80112 <br><br> Plaintiff, <br> v. <br><br> DIMA FURNITURE INC., d/b/a Spider-TV, <br><br> 7681 New Hampshire Avenue <br> Takoma Park, Maryland 20912 <br> Montgomery County <br><br> MOHAMMAD YUSIF, individually <br> and d/b/a Spider-TV, <br><br> 12026 Twin Cedar Lane <br> Bowie, Maryland 20715 <br> Prince George's County <br><br> Defendants. | Case No. |

## COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendants Dima Furniture Inc. and Mohammad Yusif, individually and collectively d/b/a Spider-TV (collectively, "Defendants"), and states as follows:

### Nature of the Action

1. DISH brings this suit for copyright infringement because Defendants are capturing broadcasts of television channels exclusively licensed to DISH and are unlawfully retransmitting these channels over the Internet to their customers throughout the United States, 24 hours per day, 7 days per week. Defendants profit from the scheme by selling set-top boxes and corresponding service plans to access the unlawful retransmission of television channels, and charge approximately $199 per unit including a thirteen month service plan. Defendants are not authorized

by DISH to retransmit these channels, and DISH has not received any compensation from Defendants. Defendants continue to infringe DISH's copyrights despite receiving numerous demands to cease retransmitting the channels, demonstrating the willfulness of their copyright infringement.

## Parties

2. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Defendant Dima Furniture Inc., d/b/a Spider-TV ("Dima") is a Maryland corporation, registration number D13257209, with its principal place of business located at 7681 New Hampshire Avenue, Takoma Park, Maryland 20912.

4. Defendant Mohammad Yusif ("Yusif") is a natural person that resides at 12026 Twin Cedar Lane, Bowie, Maryland 20715. Upon information and belief, Yusif is the president, executive director, general manager, and sole shareholder of Dima. Upon information and belief, Yusif authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Dima.

5. Upon information and belief, each of the Defendants was the agent and/or principal for one another, was acting within the scope of such agency when engaging in the misconduct alleged herein, and is jointly and severally liable for all damages arising as a result thereof.

## Jurisdiction and Venue

6. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Defendants reside in and conduct business in the State of Maryland, and therefore are subject to this Court's personal jurisdiction.

8. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to DISH's claims occurred in this judicial district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

## DISH's Copyrights

9. DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide by means of satellite delivery and over-the-top ("OTT") services whereby programming is delivered using a public Internet infrastructure. DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

10. DISH contracts for and purchases rights for the international channels distributed on its platform from networks and their agents, including MBC FZ LLC, International Media Distribution (Luxembourg) S.A.R.L., World Span Media Consulting, Inc., Peninsula Production Company, and Dream Media (collectively, the "Networks"). Networks' Arabic-language channels, which are also distributed abroad, include Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, Al Nahar, Al Nahar Drama, Al Nahar Sport, ART Cinema, Dream 2, Future TV, Hekayat, Iqraa, LBC, LDC, MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr, Murr TV (aka MTV Lebanon), NBN, New TV (a/k/a Al Jadeed), Noursat, ONTV, and OTV (collectively, the "Protected Channels"). Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

11. DISH entered into signed, written agreements with Networks, which were in effect at all relevant times and are currently in effect, granting DISH the exclusive right to distribute and publicly perform the works that air on the Protected Channels in the United States by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet. Eight or more works that aired on the Protected Channels and have or will have registrations pending with the United States Copyright Office include episodes of News Bulletin, Hashtag, Sada Al Malaeb, Bab Al Hara, Chef Hassan, and Tasali Ahla Alam. A vast number of additional, unregistered copyrighted works also aired on the Protected Channels.

**Defendants' Copyright Infringement**

12. Upon information and belief, Defendants own and operate a streaming television service ("the Service"). Defendants at times refer to the Service as "Spider-TV," and may use other names or labels to refer to the Service. Upon information and belief, Yusif is the founder of Dima and together they established the Service. On July 8, 2015, Yusif registered "Spider-TV" as a trade name of Dima with the State of Maryland Department of Assessments and Taxation Charter Division, describing the business as "Television Channel Installation." Upon information and belief, Defendants each play a role in the operation and distribution of the Service.

13. Defendants are unlawfully retransmitting the Protected Channels to their customers in the United States through the Service. The Protected Channels were observed during testing of the Service.

14. Defendants retransmit the Protected Channels over the Internet to users after the original authorized transmission. Upon information and belief, Defendants capture live broadcast signals of the Protected Channels, transcode these signals into a format useful for streaming over the Internet, transfer the transcoded content to one or more servers provided, controlled, and

maintained by Defendants, and then transmit the Protected Channels to users of the Service through OTT delivery, including users in the United States.

15. For instance, Defendants made a post on their Facebook page located at https://www.facebook.com/pg/Spider-IPTV-1630755640489251/posts claiming "Spider servers have been developed so that the number of channels is more than 1300 stations that guarantee all Arab and world stations."



16. Defendants also made a post on their Facebook page responding to concerns that the Protected Channels would be removed from the Service in the United States, claiming "the device is guaranteed for a year and for us two years in the American market and all channels are working" and "we are in Europe and America and we are well known for the stations."

 **Ahmad Muneer Hammoudeh**
Translated from Arabic
What's the guarantee that after a while you cut the main channels like the island and channels MBC
Also channels between sport
Most of the devices I bought like noor tv and zaap tv work for a while, and then you will have to buy the new device from the same company until they return channels and every year or two until they keep collecting money from people
See Original
Like · Reply ·  2 · June 16, 2016 at 3:48am

> **Spider IPTV**
> Translated from Arabic
> My dear brother, the device is guaranteed for a year and for us two years in the American market and all channels are working
> See Original
> Like · Reply · June 16, 2016 at 4:03am

> **Ahmad Muneer Hammoudeh**
> Translated from Arabic
> Hey problem, it's pay $ 300 and I work a year, and then I get rid of the channels that are required to disappear and keep the channels that I don't see. Thank you
> See Original
> Like · Reply · June 16, 2016 at 2:20pm

> **Spider IPTV**
> Translated from Arabic
> No brother, we are in Europe and America, and we are well known for the stations
> See Original

17. Upon information and belief, Defendants own the official website for the Service located at www.spider-tv.com ("Spider-tv.com"). The Spider-tv.com "About Us" page states "Spider TV is an American company located in Maryland." It also explains why consumers should purchase the Service claiming they offer the most watched Arabic channels to the Arab community in the United States, bring "most of the well known channels that no other provider has," and offer Time Shift technology allowing users to watch live TV when they want and skip commercials.



**About Us**

**Who we are:**
Spider TV is an American company located in Maryland, founded by experienced individuals who started in the Arabic IPTV industry as resellers for the most well known IPTV companies in the industry. Based on Our long experience, we have seen and analyzed the issues consumers faced with option less alternatives.

When we first started in the IPTV arena, it was only one company that provided Arabic channels, at that time customers were happy to have Arabic channels they always wanted to have in America then other companies came and started the same way the first one did however, they kept the good service for not too long. while the amount of customers increased they couldn't keep the same service that people enjoyed in the beginning . the problems float to the surf when companies couldn't move forward with technology and were unable to keep the same service they provided firstly due to the huge increase in the amount of users. That was the time for us to bring consumers a new product that can eliminate all the issues that customers were facing.

IPTV is a huge moving forward industry and it changes rapidly however, what puts us ahead of our competitors is that we invest in skilled, talented individuals around the globe who can bring you the up to date technology and make entertainment better, more affordable and easy to access.

**Why Us:**
What makes Spider TV a leading company in the industry is that we offer the most watched Arabic channels with up to date technology such as Time shift, HD channels, Social Media and much more. We are the first to offer this huge amount of channels for the lowest price in the industry. We work on giving our Arab community in the U.S the best entraitnement they deserve by bringing the most watched Arab channels in the Arab world in HD. We bring you most of the well known channels that no other provider has. Spider TV is one of the only entertainment providers with 24/7 live customer service. You can call us any time even 3am. We are confedent of our low rate that you can't find any compnay that provides the same channels with the same quality for the same price. Our service is unbeatable espicaly when it comes to price and quality.

No other TIME SHIFT offers the benefits you'll get with the Time Shift we offer —the most advanced in the industry. Only the Spider TV Box has exclusive consumer-friendly features so you can watch live TV anywhere¹ and instantly skip commercials.You shouldn't have to think too hard while relaxing, so we've designed Time SHifts that are known as the most customer-friendly in the business and they just keep getting better. Only the Spider TV gives you the ability to control the time of shows at once and instantly skip commercials, making it the industry's most technically advanced and consumer-friendly.

18. Any member of the public with Internet access, including those located throughout the United States, can receive Protected Channels from Defendants by simply purchasing the set-top box.

19. Defendants sell the set-top boxes on Spider-tv.com for $199, which includes thirteen months of access to the Service.

20. Upon information and belief, purchasers of Defendants' set-top boxes who want to continue to receive the Protected Channels after the first thirteen months must purchase a twelve month service plan extension from Defendants. Defendants sell these service plan extensions on Spider-tv.com for $50, $100, or $140, depending on the number of channels.

21. Protected Channels including Al Arabiya, Al Jazeera Arabic News, LBC, MBC Kids/MBC3, and MBC Masr are advertised on Spider-tv.com.



22. The Protected Channels are also identified on the user interface that viewers navigate when accessing content on the Service. A video on Defendants' Facebook page provides a demonstration of the Service showing Protected Channels including ART Cinema, Hekayat, MBC1, MBC Drama, MBC Kids/MBC3, and MBC Masr in the user interface.



23. Defendants have actual knowledge that the retransmission of the Protected Channels on the Service infringes DISH's copyrights. DISH and Networks sent at least thirty-two (32) notices of infringement between January 20, 2017 and the filing of this Complaint, demanding that

Defendants cease retransmitting the Protected Channels identified in the notices. Defendants did not respond to any of these notices of infringement.

24. DISH and Networks sent at least thirty-three (33) additional notices requesting the removal of infringing content to Internet service providers associated with the Service from February 16, 2017 to the filing of this Complaint. Upon information and belief, at least some of these notices were forwarded to Defendants. Even when these Internet service providers removed the unauthorized content based on Defendants' copyright infringements, Defendants intentionally interfered with the takedown efforts by, for example, transmitting Protected Channels from different locations.

## CLAIMS FOR RELIEF

### Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

25. DISH repeats and realleges the allegations in paragraphs 1-24.

26. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

27. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, Egypt, and Lebanon, where the programs were authored and first published. Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

28. Defendants distribute and publicly perform the copyrighted programs that air on the Protected Channels to customers throughout the United States, including through the use of the

Service, in violation of DISH's exclusive rights under 17 U.S.C. § 106. DISH has not authorized Defendants to distribute or publicly perform these programs in any manner.

29.     Defendants are directly infringing DISH's copyrights in violation of 17 U.S.C. § 501. Each infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

30.     Defendants' acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

31.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, DISH prays for judgment against Defendants as follows:

A.      For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

    1.      retransmitting, streaming, distributing, or publicly performing in the United States, by means of the Service or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

    2.      distributing, providing, or promoting any product or service, including set-top boxes or the Service, that comprises the whole or part of a network or service for the distribution or public performance of the Protected Channels or the programming that comprises the Protected Channels; and

    3.      advertising, displaying, or marketing the Service or set-top boxes in connection with the Protected Channels or the programming that comprises the Protected Channels.

B.  For infringement of registered works, maximum statutory damages of $150,000 per registered work infringed under 17 U.S.C. § 504(c), or alternatively DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of those registered works pursuant to 17 U.S.C. § 504(b).

C.  For infringement of unregistered works, an award of DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of each unregistered work pursuant to 17 U.S.C. § 504(b).

D.  For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E.  For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F.  For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G.  For such additional relief as the Court deems just and equitable.

Dated:  December 29, 2017

Respectfully submitted,

*Bradshaw Rost*

Bradshaw Rost, Esq., MD Bar #8712010536
**Tenenbaum & Saas, P.C.**
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
(301) 961-5300 – Tel
(301) 961-5395 – Fax
brost@tspclaw.com

Joseph H. Boyle, Esq. (*pro hac vice* to be filed)
Stephen M. Ferguson, Esq. (*pro hac vice* to be filed)
**Hagan Noll & Boyle, LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
(713) 343-0478 – Tel
(713) 758-0146 – Fax
joe.boyle@hnbllc.com
stephen.ferguson@hnbllc.com

*Attorneys for Plaintiff DISH Network L.L.C.*