**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., </br> </br>  9601 South Meridian Blvd. </br>  Englewood, Colorado 80112 </br> </br>   Plaintiff, </br> v. </br> </br> DIMA FURNITURE INC., d/b/a Spider-TV, </br> </br>  7681 New Hampshire Avenue </br>  Takoma Park, Maryland 20912 </br>  Montgomery County </br> </br> MOHAMMAD YUSIF, individually </br> and d/b/a Spider-TV, </br> </br>  12026 Twin Cedar Lane </br>  Bowie, Maryland 20715 </br>  Prince George's County </br> </br> TAREQ HASWEH, individually and </br> d/b/a Spider-TV, </br> </br>  Abu Musa Al-Ashaari Street </br>  Building 58 </br>  Tla' Al-Ali, Amman, 11953 </br>  Jordan </br> </br>   Defendants. | Case No. 8:17-cv-03817-TDC |

# FIRST AMENDED COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendants Dima Furniture Inc., Mohammad Yusif, and Tareq Hasweh, individually and collectively d/b/a Spider-TV (collectively, "Defendants"), and hereby files its First Amended Complaint pursuant to Fed. R. Civ. P 15(a)(2) as a matter of right in that the named Defendants Dima Furniture, Inc. and Mohammad Yusif in the original Complaint consent to the filing of the First Amended Complaint as reflected in Exhibit "A" attached hereto. Pursuant to Local Rule 103(6)(c), a comparison copy of the Original Complaint and First Amended Complaint is attached hereto as Exhibit "B".

For its First Amended Complaint, DISH states as follows:

**Nature of the Action**

1. DISH brings this suit for copyright infringement because Defendants are capturing broadcasts of television channels exclusively licensed to DISH and are unlawfully retransmitting these channels over the Internet to their customers throughout the United States, 24 hours per day, 7 days per week. Defendants profit from the scheme by selling set-top boxes and corresponding service plans to access the unlawful retransmission of television channels, and charge approximately $199 per unit including a thirteen month service plan. Defendants are not authorized by DISH to retransmit these channels, and DISH has not received any compensation from Defendants. Defendants continue to infringe DISH's copyrights despite receiving numerous demands to cease retransmitting the channels, demonstrating the willfulness of their copyright infringement.

**Parties**

2. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Defendant Dima Furniture Inc., d/b/a Spider-TV ("Dima") is a Maryland corporation, registration number D13257209, with its principal place of business located at 7681 New Hampshire Avenue, Takoma Park, Maryland 20912.

4. Defendant Mohammad Yusif ("Yusif") is a natural person residing at 12026 Twin Cedar Lane, Bowie, Maryland 20715. Upon information and belief, Yusif is the president, executive director, general manager, and sole shareholder of Dima. Upon information and belief,

Yusif authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Dima.

5. Upon information and belief, Defendant Tareq Hasweh ("Hasweh") is a natural person residing at Abu Musa Al-Ashaari Street, Building 58, Tla' Al-Ali, Amman, 11953, Jordan. Upon information and belief, Hasweh authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Defendants.

6. Upon information and belief, each of the Defendants was the agent and/or principal for one another, was acting within the scope of such agency when engaging in the misconduct alleged herein, and is jointly and severally liable for all damages arising as a result thereof.

## Jurisdiction and Venue

7. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Dima and Yusif reside in and conduct business in the State of Maryland, and therefore are subject to this Court's personal jurisdiction.

9. Personal jurisdiction over Hasweh is proper in this Court because he purposefully directed his conduct towards and purposefully availed himself of the privileges of conducting business activities within the State of Maryland by retransmitting channels exclusively licensed to DISH and supplying and offering to supply set-top boxes and corresponding service plans to access the unlawful retransmission of television channels to customers in the State of Maryland, causing injury to DISH in this State and in this District. Upon information and belief, Hasweh caused at least 1,000 Spider-TV set-top boxes to be shipped into the State of Maryland. Upon information and belief, Hasweh visited the State of Maryland on at least two occasions and for a period of at least two months, for the purpose of seeking vendors to purchase and sell Spider-TV set-top boxes.

In the alternative, personal jurisdiction is proper pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because this Court's exercise of jurisdiction is consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, and Hasweh is not subject to the jurisdiction of the courts of general jurisdiction of any state.

10. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Dima and Yusif reside in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to DISH's claims occurred in this judicial district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district, and § 1391(c)(3) because Hasweh is a nonresident that may be sued in any judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

## DISH's Copyrights

11. DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide by means of satellite delivery and over-the-top ("OTT") services whereby programming is delivered using a public Internet infrastructure. DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

12. DISH contracts for and purchases rights for the international channels distributed on its platform from networks and their agents, including MBC FZ LLC, International Media Distribution (Luxembourg) S.A.R.L., World Span Media Consulting, Inc., Peninsula Production Company, and Dream Media (collectively, the "Networks"). Networks' Arabic-language channels, which are also distributed abroad, include Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, Al Nahar, Al Nahar Drama, Al Nahar Sport, ART Cinema, Dream 2, Future TV, Hekayat, Iqraa, LBC, LDC, MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr, Murr TV

(aka MTV Lebanon), NBN, New TV (a/k/a Al Jadeed), Noursat, ONTV, and OTV (collectively, the "Protected Channels"). Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

13. DISH entered into signed, written agreements with Networks, which were in effect at all relevant times and are currently in effect, granting DISH the exclusive right to distribute and publicly perform the works that air on the Protected Channels in the United States by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet. Eight or more works that aired on the Protected Channels and have or will have registrations pending with the United States Copyright Office include episodes of News Bulletin, Hashtag, Sada Al Malaeb, Bab Al Hara, Chef Hassan, and Tasali Ahla Alam. A vast number of additional, unregistered copyrighted works also aired on the Protected Channels.

### Defendants' Copyright Infringement

14. Upon information and belief, Defendants own and operate a streaming television service ("the Service"). Defendants at times refer to the Service as "Spider-TV," and may use other names or labels to refer to the Service. Upon information and belief, Defendants each play a role in the operation and distribution of the Service.

15. Upon information and belief, Hasweh established the Service and owns and controls the Service, the computer servers that are retransmitting the Protected Channels on the Service, and the official website for the Service. Upon information and belief, Hasweh caused set-top boxes for the Service to be shipped into the United States and visited the United States for the purpose of seeking vendors to purchase and sell set-top boxes for the Service.

16. Upon information and belief, Yusif is the founder of Dima and together they advertised, sold, and distributed set-top boxes and service plans for the Service and provided

support for Hasweh and the Service. On July 8, 2015, Yusif registered "Spider-TV" as a trade name of Dima with the State of Maryland Department of Assessments and Taxation Charter Division, describing the business as "Television Channel Installation."

17. Defendants are unlawfully retransmitting the Protected Channels to their customers in the United States through the Service. The Protected Channels were observed during testing of the Service.

18. Defendants retransmit the Protected Channels over the Internet to users after the original authorized transmission. Upon information and belief, Hasweh captures live broadcast signals of the Protected Channels, transcodes these signals into a format useful for streaming over the Internet, transfers the transcoded content to one or more servers provided, controlled, and maintained by him, and then transmits the Protected Channels to users of the Service through OTT delivery, including users in the United States.

19. Upon information and belief, Hasweh made a post on the Spider-TV Facebook page located at https://www.facebook.com/pg/Spider-IPTV-1630755640489251/posts claiming "Spider servers have been developed so that the number of channels is more than 1300 stations that guarantee all Arab and world stations."

**Spider IPTV**
January 3, 2016

زبائننا الكرام
لقد تم تطوير سيرفرات جهاز Spider بحيث اصبح عدد القنوات اكثر من ١٣٠٠ محطه تضمن جميع المحطات العربيه و العالميه من جميع دول العالم و بكل اللغات
و ترقبو العديد من المحطات
فريق عمل جهاز Spider -tv
شكرا لكم

Our dear customers
Spider servers have been developed so that the number of channels is more than 1300 stations that guarantee all Arab and world stations from all the countries of the world and in all languages.
And wait for many stations
Spider-TV working group
Thank you

20. Upon information and belief, Hasweh also made a post on the Spider-TV Facebook page responding to concerns that the Protected Channels would be removed from the Service in the United States, claiming "the device is guaranteed for a year and for us two years in the American market and all channels are working" and "we are in Europe and America and we are well known for the stations."



21.     Upon information and belief, Hasweh owns the official website for the Service located at www.spider-tv.com ("Spider-tv.com").  The Spider-tv.com "About Us" page states "Spider TV is an American company located in Maryland."  It also explains why consumers should purchase the Service claiming they offer the most watched Arabic channels to the Arab community in the United States, bring "most of the well known channels that no other provider has," and offer Time Shift technology allowing users to watch live TV when they want and skip commercials.



22.     Any member of the public with Internet access, including those located throughout the United States, can receive Protected Channels from Defendants by simply purchasing the set-top box.

23.     Defendants sell the set-top boxes on Spider-tv.com for $199, which includes thirteen months of access to the Service.

24. Upon information and belief, purchasers of Defendants' set-top boxes who want to continue to receive the Protected Channels after the first thirteen months must purchase a twelve month service plan extension from Defendants. Defendants sell these service plan extensions on Spider-tv.com for $50, $100, or $140, depending on the number of channels.

25. Protected Channels including Al Arabiya, Al Jazeera Arabic News, LBC, MBC Kids/MBC3, and MBC Masr are advertised on Spider-tv.com.



26. The Protected Channels are also identified on the user interface that viewers navigate when accessing content on the Service. A video on Defendants' Facebook page provides a demonstration of the Service showing Protected Channels including ART Cinema, Hekayat, MBC1, MBC Drama, MBC Kids/MBC3, and MBC Masr in the user interface.



27.     Defendants have actual knowledge that the retransmission of the Protected Channels on the Service infringes DISH's copyrights.  DISH and Networks sent at least thirty-two (32) notices of infringement between January 20, 2017 and the filing of its Complaint, demanding that Defendants cease retransmitting the Protected Channels identified in the notices.  Defendants did not respond to any of these notices of infringement.

28.     DISH and Networks sent at least thirty-three (33) additional notices requesting the removal of infringing content to Internet service providers associated with the Service from February 16, 2017 to the filing of its Complaint.  Upon information and belief, at least some of these notices were forwarded to Defendants.  Even when these Internet service providers removed the unauthorized content based on Defendants' copyright infringements, Defendants intentionally interfered with the takedown efforts by, for example, transmitting Protected Channels from different locations.

## CLAIMS FOR RELIEF

### Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

### Against Defendant Hasweh

29.     DISH repeats and realleges the allegations in paragraphs 1-28.

30.     Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

31.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in these programs arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, Egypt, and Lebanon, where the programs were authored and first published.  Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

32.     Hasweh distributes and publicly performs the copyrighted programs that air on the Protected Channels to customers throughout the United States, including through the use of the Service, in violation of DISH's exclusive rights under 17 U.S.C. § 106.  DISH has not authorized Hasweh to distribute or publicly perform these programs in any manner.

33.     Hasweh is directly infringing DISH's copyrights in violation of 17 U.S.C. § 501. Each infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

34.     Hasweh's acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

35.     Unless enjoined by the Court, Hasweh will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## Count II

### Contributory Copyright Infringement Under 17 U.S.C. § 501

### Against Defendants Dima and Yusif

36.     DISH repeats and realleges the allegations in paragraphs 1-28 and 30-33.

37.     Dima and Yusif have actual or constructive knowledge of Hasweh's infringement of DISH's exclusive rights under 17 U.S.C. § 501 because they received DISH's notices of

infringement and numerous communications from customers about the temporary removal of Protected Content.

38. Dima and Yusif materially contribute to the infringement of DISH's exclusive rights under 17 U.S.C. § 501, including infringement of DISH's exclusive right to publicly perform and distribute its works. Dima and Yusif promote the use of set-top boxes and service plans for the Service to connect customers to unauthorized streams of DISH's copyrighted works. Hasweh directly infringes DISH's public performance and distribution rights by providing unauthorized streams of the Protected Channels to the public, including to Dima and Yusif's customers. Hasweh, or others operating in concert with him, control the facilities and equipment used to store and stream the Protected Channels, and they actively and directly cause the Protected Channels to be streamed when Dima and Yusif's customers select the Protected Channels using set-top boxes for the Service.

39. Dima and Yusif materially contribute to the aforementioned acts of infringement by supplying the set-top boxes and service plans that facilitate, encourage, enable, and create direct streams of the Protected Channels between Dima and Yusif's customers and the infringing operator of the Service, and by actively contributing to the use of set-top boxes and service plans for blatant copyright infringement.

40. Dima and Yusif's material contribution to the infringement of DISH's rights in each of their copyrighted works constitutes a separate and distinct act of infringement.

41. Dima and Yusif's acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

42. Unless enjoined by the Court, Dima and Yusif will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other

persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

    1.    retransmitting, streaming, distributing, or publicly performing in the United States, by means of the Service or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

    2.    distributing, providing, or promoting any product or service, including set-top boxes or the Service, that comprises the whole or part of a network or service for the distribution or public performance of the Protected Channels or the programming that comprises the Protected Channels; and

    3.    advertising, displaying, or marketing the Service or set-top boxes in connection with the Protected Channels or the programming that comprises the Protected Channels.

B.    For infringement of registered works, statutory damages as awarded by the Court in an amount up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or alternatively DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of those registered works pursuant to 17 U.S.C. § 504(b).

C.    For infringement of unregistered works, an award of DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of each unregistered work pursuant to 17 U.S.C. § 504(b).

D.    For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E.    For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F.    For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G.    For such additional relief as the Court deems just and equitable.

Dated: May 1, 2018                              Respectfully submitted,

/s/ Bradshaw Rost
Bradshaw Rost, Esq., MD Bar #8712010536
**Tenenbaum & Saas, P.C.**
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
(301) 961-5300 – Tel
(301) 961-5395 – Fax
brost@tspclaw.com

Joseph H. Boyle, Esq. (*pro hac vice*)
Stephen M. Ferguson, Esq. (*pro hac vice*)
**Hagan Noll & Boyle, LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
(713) 343-0478 – Tel
(713) 758-0146 – Fax
joe.boyle@hnbllc.com
stephen.ferguson@hnbllc.com

*Attorneys for Plaintiff DISH Network L.L.C.*