UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| DISH NETWORK, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>DIMA FURNITURE INC., *d/b/a Spider-TV*,<br>MOHAMMAD YUSIF,<br>*individually and d/b/a Spider-TV* and<br>TAREQ HASWEH,<br>*individually and d/b/a Spider-TV*,<br><br>    Defendants. | Civil Action No. TDC-17-3817 |

## ORDER

On June 17, 2019, United States Magistrate Judge Timothy J. Sullivan filed a Report and Recommendation in which he recommended that this Court GRANT the Motion for Default Judgment Against Defendant Tareq Hasweh filed by Plaintiff DISH Network, L.L.C. ("DISH"). Objections to that Report and Recommendation were due on July 1, 2019. *See* Fed. R. Civ. P. 72(b)(2). That deadline has now passed and the Court has received no objections.

Accordingly, upon review of Judge Sullivan's Report and Recommendation, it is hereby ORDERED that:

1. Judge Sullivan's Report and Recommendation, ECF No. 42, is ADOPTED as an Order of the Court.

2. DISH's Motion for Default Judgment, ECF No. 35, is GRANTED.

3. Judgment is entered in favor of DISH against Hasweh in the amount of $1,200,000 for statutory damages. That award shall accrue post-judgment interest as provided for and calculated in accordance with 28 U.S.C. § 1961.

4. Defendant and any of his officers, agents, servants, employees, attorneys, or other persons, including all dealers and retailers of Spider-TV set-top boxes and service plans, acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

    a. copying by means of any device or process the Protected Channels or any of the programming that comprises the Protected Channels;

    b. transmitting, streaming, distributing, or publicly performing in the United States, by means of the Spider-TV service, or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

    c. distributing, selling, providing, or promoting any product or service, including the Spider-TV set-top box, service plan, and the SpiderTV-1 and SpiderTV-2 sections of the Spider-TV service, that comprises the whole or part of a network or service for the distribution and public performance of the Protected Channels or the programming that comprises the Protected Channels;

    d. advertising, displaying, or marketing the Spider-TV service or set-top boxes in connection with the Protected Channels or the programming that comprises the Protected Channels; and

    e. otherwise infringing Plaintiff's rights in the Protected Channels, either

directly, contributorily, vicariously, or in any other manner.

5. Third parties providing any form of electronic storage, computer server, website hosting, file hosting (including data center and colocation, primary and backup storage, back-end), domain hosting, domain name registration, privacy protection for domain registration, anonymization for domain registration, proxy, content delivery network services, content acceleration (including traffic routing, bandwidth, content delivery networks, web content optimization, website/data security), advertising (including search based online advertising), and social media services used in connection with any of the activities enjoined under Paragraph 4, and who receive actual notice of this Order, are enjoined from providing such services in connection with any of the activities enjoined under Paragraph 4. This includes but is not limited to terminating the SpiderReceiverHd, Spideriptv, and Spider-IPTV accounts used to distribute, sell, provide, or promote Spider-TV set-top boxes or service plans on the internet. This also includes OVH SAS and OVH GmbH disabling IP addresses 51.89.6.99 and 54.37.72.34; OVH Hosting Inc. disabling IP addresses 158.69.55.234 and 167.114.211.70; and all future service providers disabling all IP addresses used to transmit any of the Protected Channels on the Spider-TV service. The IP addresses may be reassigned to other customers after they have been disabled and are no longer being used in connection with any of the activities enjoined under Paragraph 4.

6. The registries and registrars of the domain names Spider-tv.com, Spideriptv.com, Ipmmss.com, Ipmsactive.com, Tigeriptv.com, and Royaliptv.com, including VeriSign, Inc., GoDaddy.com, LLC, and Name.com, Inc., within 48 hours of receiving this Order from Plaintiff, shall (i) make the websites and any other content

3

located at the domain names inaccessible to the public; (ii) transfer the domain names to Plaintiff, including changing the registrar of record to the registrar selected by Plaintiff at Plaintiff's reasonable expense; and (iii) after the transfer, reenable the domain names so that Plaintiff may fully control and use the domain names.

7. Violation of this Order shall subject Defendant and all other persons bound by this Order to all applicable penalties, including contempt of Court.

8. The Court shall retain jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

9. The Clerk is directed to administratively close this case.

Date: July 12, 2019

THEODORE D. CHUANG
United States District Judge